# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **ROKEITHA MARTIN O/B/O F.W., JR.** | * | **CIVIL ACTION NO. 06-1843** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

This social security appeal was referred to me for review, Report and Recommendation pursuant to this Court's Standing Order of July 8, 1993. Rokeitha Martin filed an application for supplemental security income (SSI) on June 30, 2004, on behalf of her son, F.W. Jr., born May 11, 2004, based on sickle cell disease, with an onset date of May 11, 2004.

## FINDINGS AND CONCLUSIONS

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), I find that there is substantial evidence in the record to support the Commissioner's decision of non-disability and that the Commissioner's decision comports with all relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

In fulfillment of F.R.Civ.P. 52, I find that the Commissioner's findings and conclusions are supported by substantial evidence, which can be outlined as follows:

**(1) Records from Opelousas General Hospital dated May 10, 2004 to May 25, 2004**. Claimant was admitted for sickle cell disease. (Tr. 77). Hemoglobin S was present. His differential diagnosis included sickle cell anemia, sickle/B thalassemia, or sickle trait/hereditary persistance of fetal hemoglobin.

**(2) Childhood Disability Evaluation Form dated August 16, 2004**. The evaluator determined that claimant's impairment was severe, but did not meet, medically equal, or functionally equal the listings. (Tr. 87). Claimant had a less than marked limitation as to health and physical well-being. (Tr. 91).

**(3) Records from University Medical Center ("UMC") dated June 3, 2005 to April 26, 2006**. On June 3, 2005 and September 3, 2005, claimant was admitted with fever and sickle cell disease. (Tr. 95-96, 115-22, 133-40). X-rays showed no active disease. (Tr. 113).

On August 24, 2005, claimant presented with swelling in his left wrist and hand, which was painful to the touch. (Tr. 129). X-rays showed soft tissue swelling with no definite bony abnormalities. (Tr. 128). His hematocrit level was 30.2. (Tr. 125).

On January 18, 2006, claimant was admitted with coughing, fever, and nasal congestion. (Tr. 94, 98-104). Chest x-rays showed no active cardiopulmonary process. (Tr. 157). The diagnoses were fever, respiratory tract infection, sickle cell anemia, and splenomegaly. (Tr. 98).

On April 26, 2006, claimant's mother denied any problems. (Tr. 152).

**(4) Claimant's Administrative Hearing Testimony**. At the hearing on February 16, 2006, claimant was unrepresented. (Tr. 162). The Administrative Law Judge ("ALJ") asked claimant's mother whether she knew that she was entitled to be represented by counsel, to which she responded that she was. He then informed her of her right to representation for free by certain agencies or for a contingency fee by attorneys, and asked if she wanted to go forward without counsel. (Tr. 163). Claimant's mother testified that she would like to go forward without counsel. (Tr. 164).

At the time of the hearing, claimant was 18 months old. (Tr. 166). He weighed 32 pounds. (Tr. 167). His mother testified that he was walking, running, and playing with toys. She stated that he seemed to have plenty of energy.

Claimant's mother testified that claimant had had sickle cell crises on three occasions. (Tr. 172). After considering the testimony, the ALJ stated that claimant's alleged disability was not supported by the medical records. (Tr. 174). He

adjourned the case and continued it pending receipt of more medical records.

**(5) The ALJ's Findings are Entitled to Deference**.  Claimant argues: (1) that the ALJ erred in failing to find claimant disabled pursuant to the listing of impairments at §§ 7.05 and 107.05, and (2) the ALJ erred in failing to hold a supplemental hearing and obtaining medical expert testimony subsequent to receiving additional medical evidence in order to properly determine whether claimant's impairments medically or functionally equaled these listings.

As to the first argument, claimant argues that the ALJ erred in failing to find him disabled under the listings for sickle cell disease.  These listings provide as follows:

> 7.05 *Sickle cell disease, or one of its variants.*
> With:
> A. Documented painful (thrombotic) crises occurring at least three times during the 5 months prior to adjudication; or
>
> B. Requiring extended hospitalization (beyond emergency care) at least three times during the 12 months prior to adjudication; or
>
> C. Chronic, severe anemia with persistence of hematocrit of 26 percent or less; or
>
> D. Evaluate the resulting impairment under the criteria for the affected body system.
>
> 107.05 *Sickle cell disease.* With:
> A. Recent, recurrent, severe vaso-occlusive crises (musculoskeletal, vertebral, abdominal); or
> B. A major visceral complication in the 12 months prior to application; or

> C. A hyperhemolytic or aplastic crisis within 12 months prior to application; or
> D. Chronic, severe anemia with persistence of hematocrit of 26 percent or less; or
> E. Congestive heart failure, cerebrovascular damage, or emotional disorder as described under the criteria in 104.02, 111.00ff, or 112.00ff.

20 C.F.R. Pt. 220, App. 1, §§ 7.05, 107.05.

In this case, claimant presented to the hospital on June 3, 2005, with fever and a history of sickle cell disease. (Tr. 134). He had a hemocrit level of 35.1, which is above the listing requirement of 26 or less. (Tr. 135). He left the hospital after five days, at which time he was "very active and playful."

Claimant was admitted again on September 3, 2005, for sickle cell disease and fever. (Tr. 95, 111-20). X-rays showed no active disease. (Tr. 113). He was discharged two days later in improved condition. (Tr. 118-20).

On January 18, 2006, claimant was admitted with a fever, coughing, and congestion. (Tr. 99). He was very active, running all over the emergency room and laughing. (Tr. 106). Two days later, he was discharged with a diagnosis of fever and a lower respiratory tract infection. (Tr. 100).

Based on the medical records, claimant does not meet the criteria for the listings at §§ 7.05 or 107.05. He does not show documented painful crises occurring at least three times during the five months prior to adjudication, extended hospitalizations at least three times during the 12 months prior to adjudication, or chronic, severe anemia with persistence of hematocrit of 26 percent or less as required by § 7.05.

As to § 107.05, he does not have recent, recurrent, severe vaso-occlusive crises, a major visceral complication, a hyperhemolytic or aplastic crisis, or chronic, severe anemia. For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. (emphasis in original). *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1990). As claimant has not demonstrated that he met the criteria under §§ 7.05 or 107.05, the ALJ's finding that claimant's impairment did not meet the listing for sickle cell disease is entitled to deference.

Regarding the second argument, claimant argues that the ALJ erred in failing to hold a supplemental hearing and obtaining medical expert testimony in order to properly determine whether his impairments medically and/or functionally equaled the listings. [rec. doc. 8, p. 7]. Because the regulations do not mandate that the ALJ ask for and consider opinions from medical experts, this court will reverse the ALJ's

6

decision not to utilize a medical expert "if the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby." *Atkins v. Barnhart,* 119 Fed.Appx. 672, 674 (5th Cir. 2005) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir.1996)).

It is well established that the ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). When a claimant is not represented by counsel, the ALJ owes a heightened duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Id.*, citing *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). However, to merit reversal of the ALJ's decision, a claimant who does not validly waive his right to counsel must prove that he was thereby prejudiced. *Id.*; *Gullett v. Chater*, 973 F.Supp. 614, 621 (E.D. Texas 1997).

To establish prejudice, claimant must show that counsel "could and would have adduced evidence that might have altered the result." *Brock,* 84 F.3d at 728, quoting *Kane*, 731 F.2d at 1220. Claimant points to no evidence that would have been adduced and that could have changed the result had counsel been present at the hearing.

In any event, the transcript reflects that the ALJ fulfilled his duty to fully and fairly develop the facts relative to claimant's benefits claim. *James v. Bowen*, 793 F.2d 702 (5th Cir. 1986). The transcript was 22 pages long, lasted 24 minutes, and reflects that the ALJ asked claimant's mother numerous questions regarding claimant's condition. (Tr. 162-184). Similar hearings been found sufficient by the Fifth Circuit. *Brock*, *supra*; *James*, *supra*. This argument is unsupported by the evidence of record, and is therefore rejected.

Based on the foregoing, it is my recommendation that the Commissioner's decision be **AFFIRMED** and that this action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE**

**TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed September 18, 2007, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE